ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 01405

Tyreek Davis
Tasha Licorish-Davis on behalf of N. Brown, S. Brown, I. Davis, A. M. Davis, and A. S. Davis
*(In the space above enter the full name(s) of the plaintiff(s).)*

**COMPLAINT**

-against-

(See attached)
(Defendants page 1)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

Jury Trial: ☑ Yes ☐ No
(check one)

ROSS, J.

BLOOM, M.J.

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name: Tyreek Davis and Tasha Licorish Davis
Street Address: P.O. Box 584
County, City: Richmond
State & Zip Code: VA
Telephone Number: (917) 459-5343

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name: Deidre Abrams
Street Address: 6301 12th Ave.
County, City: Brooklyn
State & Zip Code: N.Y. 11219
Telephone Number: (718) 232-1500 ext. 233

Defendant No. 2
Name: Noella Young
Street Address: 6301 12th Ave.
County, City: Brooklyn
State & Zip Code: N.Y. 11219
Telephone Number: (718) 232-1500 ext. 425

Defendant No. 3
Name: Dana Dunn (Supervisor)
Street Address: 6301 12th Ave.
County, City: Brooklyn
State & Zip Code: N.Y. 11219
Telephone Number: (718) 232-1500 ext. 223

Defendant No. 4
Name: Malikah Foreman
Street Address: 6301 12th Ave.
County, City: Brooklyn
State & Zip Code: N.Y. 11219
Telephone Number: (718) 232-1500 ext. 261

(See attached)

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions ☑ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? The civil rights act 42 U.S.C § 1983 Violations of 1st, 4th, 5th, 6th, 8th, 9th, 14th amendments (see attached)

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship: Virginia
Defendant(s) state(s) of citizenship: New York

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Brooklyn NY.

B. What date and approximate time did the events giving rise to your claim(s) occur? June 9th 2011 Aug 10th 2012

C. Facts: See attached

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

V. **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. Wherefore plaintiffs pray this court issue equitable relief as follows:

1) Issue injunctive relief commanding defendants refrain from violating plaintiffs civil liberties

2) Issue declatory relief as this court deems appropriate and just

3) Issue other relief as this court deems appropriate and just

4) Award Plaintiffs cost of litigation and pain and suffering. Respectfully submitted.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 14 day of March, 2013.

Tyreek Davis Tasha L'[illegible]-Davis

Signature of Plaintiff [signatures]

Mailing Address P.O. Box 584 Richmond VA 23218

Telephone Number (917) 459-5343

Fax Number *(if you have one)*

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of ________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Eastern District of New York.

Signature of Plaintiff: ____________________

Inmate Number ____________________

# Defendants

1. Deidre Abrams
2. Noella Young
3. Dana Dunn (Supervisor)
4. Malikah Foreman
5. Chrisann Josiah
6. Rhonda Johnson
7. Rebecca Marcomb
8. Jeanna (Gina) Cambria
9. Jerry (Jarrod) McCaffrey (C.E.O)
10. Mercy First Foster Care Agency
11. Chini Baldwin
12. Tamika Manifold
13. Thomas Dunbar
14. Paul Melborne
15. Monica V. Baez
16. Camille Titus
17. Victor (Vic) Zapata
18. Keisha Baxter
19. Linden ACS Office
20. Mark Lewis
21. Ronald Richter
22. John Mattingly
23. New York City Administration for Children Services
24. N.Y.P.D
25. Officer Perez
26. Officer John Doe
27. The 75th Precinct N.Y.P.D
28. Officers John Doe's 1 - 20
29. Ilana Gruebel (in equity, not for monetary) Verified Complaint individually and in her official capacity
30. Amanda E White (in equity not for monetary) Verified Complaint/Individually and in her official capacity
31. The City of New York
32. Christine Waer (Attorney for ACS)
33. Iratchka Yameogo-Warner (Law Guardian)
34. Elaine D. Mcknight (18B lawyer)

Defendant No. 5 Chrisann Josiah
6301 12th Ave.
Brooklyn
N.Y. 11219
(718) 232-1500 ext

Defendant No. 6 Rhonda Johnson
6301 12th Ave.
Brooklyn
N.Y. 11219
(718) 232-1500 (718) 872-4250

Defendant No. 7 Rebecca marcomb
6301 12th Ave.
Brooklyn
N.Y. 11219
(718) 232-1500 ext. 220

Defendant No. 8. Jeanna (Gina) Cambria
6301 12th Ave
Brooklyn,
N.Y. 11219
(718) 232-1500 ext. 210

Defendant No. 9 Jerry (Jarrod) McCaffrey (C.E.O.)
6301 12th Ave
Brooklyn
N.Y. 11219
(718) 232-1500 ext. 248

Defendant No. 10 — Mercy First Foster Care Agency
525 Convent Rd.
Syosset
N.Y. 11791
(516) 921-0808

Defendant No. 11 — Chini Baldwin
2554 Linden Blvd.
Brooklyn
N.Y. 11208
(347) 461-1879

Defendant No. 12 — Tamika Manifold
2554 Linden Blvd.
Brooklyn
N.Y. 11208
(718) 348-8087

Defendant No. 13 — Thomas Dunbar
2554 Linden Blvd.
Brooklyn
N.Y. 11208
(718) 348-8100

Defendant No. 14 — Paul Melbourne
2554 Linden Blvd.
Brooklyn
N.Y. 11208
(646) 596-4970

Defendant No. 15 Monica V. Baez
2554 Linden Blvd.
Brooklyn
New York 11208
(718) 348-8088

Defendant No. 16 Camille Titus
2554 Linden Blvd,
Brooklyn
New York 11208
(718) 348-8112

Defendant No. 17 Victor (Vic) Zapata
2554 Linden Blvd.
Brooklyn
New York 11208
(347) 931-2226

Defendant No. 18 Keisha Baxter
2554 Linden Blvd.
Brooklyn
New York 11208
(718) 348-8112

Defendant No. 19 Linden ACS Office
2554 Linden Blvd.
Brooklyn
New York 11208
(718) 348-8112

Defendant No. 20 Mark Lewis
150 Williams St.
New York
New York 10038
(212) 676-9017

Defendant No. 21 Ronald Richter
150 Williams St.
New York
New York 10038
(212) 341-0900

Defendant No. 22 John mattingly
701 St. Paul St.
Baltimore
Maryland 21202
(410) 547-6600

Defendant No. 23 New York City Administration for children Services
150 Williams St.
New York
New York 10038
(212) 341-0900

Defendant No. 24 N. Y. P. D.
1 Centre St.
New York
New York 10007
(212) 669-7318

Defendant No. 25 Officer Perez 88th Precinct
298 Classon Ave.
Brooklyn
N.Y. 11205
(718) 636-6511

Defendant No. 26. Officer John Doe 88th Precinct
(Slim build 5'6 Asian descent)
298 Classon Ave.
Brooklyn
N.Y. 11205
(718) 636-6511

Defendant No. 27 The 75th Precinct N.Y.P.D.
1000 Sutter Ave.
Brooklyn, N.Y.
N.Y. 11208
(718) 827-3511

Defendant No. 28 Officers John Doe's 1-20
1000 Sutter Ave.
Brooklyn,
N.Y. 11208
(718) 827-3511

Defendant No. 29 Ilana Gruebel (in equity not for monetary) 330 Jay St. 8 fl part 8
Brooklyn, N.Y. 11201
(347) 401-9870

Defendant No. 30 Amanda E. White (in equity not for monetary) 330 Jay St.
Brooklyn
N.Y. 11201
(347) 401-9600

Defendant No. 31 The City of New York
1 Centre St.
New York
New York 10007
(212) 669-7318

Defendant No. 32 Christine Waer (Attorney for ACS)
330 Jay St. (12 fl.)
Brooklyn
N.Y. 11201

Defendant No. 33 Iratchka Yameogo-Warner (Law Guardian)
330 Jay St. (2nd fl.)
Brooklyn
N.Y. 11201

Defendant No. 34 Elaine D. Mcknight (18B Lawyer)
142 Joralemon St.
Suite 6D
Brooklyn N.Y
11201

Statement of facts

Plaintiff 1

This case stems from an accident that occurred with my daughter A.M. Davis on June 9th 2011. [redacted] On august 1st 2012 I came to new York to visit my mother W.B. Davis and my daughter I. Davis at 487 Carlton Ave Brooklyn, N.Y. with my infant daughter A.S. Davis from Virginia. On august 1st caseworker Chini Baldwin and case worker Paul Melbourne knocked on my mother's door. They were allegedly there to investigate a call of neglect/abuse of a child there. My mother did not open the door. She told the case worker that there was no child being abused and that they needed a warrant to get in. Both caseworkers left and then returned with two police officers.(N.Y.P.D.)Officer John Doe(of Asian descent about 5 ft. 6 inches medium build) and Officer Perez(Hispanic, Latino receding hairline partially bald with a mustache and no beard or goatee).My mother told the officers that they would need a warrant to get in. Officer John Doe then proceeded to open my mother's door after she specifically told him that she needed to see a warrant(as she is very aware of all the illegal activity involved with A.C.S. and our children).My mother and I walked towards the door to prevent officer John Doe from illegally entering her apartment. She had left the door unlocked and they illegally still tried to enter her residence without her consent and without a warrant as she had requested. The two officers were both there with the two caseworkers and officer Perez stated that they just wanted to see the baby and that if didn't show him the baby he would call his supervisor. I told him that "I was going to sue him. There is no child being abused. "I then asked them if they were there to take my child and Chini Baldwin stated "no were just here to see if she was ok". I then showed the officers and the caseworkers my infant to avoid causing any more attention to my mother's door. Chini Baldwin then said, "She looks perfectly healthy "and that "She is gorgeous". She told me to have a "goodnight" and she and the officers and Paul Melbourne left.(little did I know that my child and I were being set up by the City of N.Y., and ACS)

My wife and I and my little angel A.S. Davis left later on that night and went back to the motel we were staying in. (Mosaic Inns and Suits Lodge Inn) The next day on august 2nd 2012 I spoke with ACS manager Thomas Dunbar and supervisor Tamika Manifold of the ACS Linden Blvd. office who both allowed Chini Baldwin to make false claims about my child being abused. An erroneous claim after two N.Y,P,D. officers and Paul Melbourne witnessed Baldwin state that my child was "healthy "and "gorgeous" (and if the child was being abused why wasn't she removed on august 1st with the officers being present?)I explained to Mr. Dunbar that my children are Native American and I was in the process of having us enrolled on the Dawes Roll once I got all the information about which tribe I was with and that my family and I weren't even New York residents. He laughed and stated that "We know that they are Native American Mr. Davis"(I have this conversation recorded.)The next day on august 3rd my wife went to court for her family court case and I told her that I would be checking out of the Mosaic suites because it was Friday and the rates went up for the weekend. I told her to call me and let me know how things went in court and to find out where I would be at because I was searching for a better deal at another hotel in Brooklyn. My wife never returned from court. My mother was in court with my wife. When I received a call from my mother she stated that my wife had been taken into custody! She didn't know why. She went back home with my daughter I. Davis and I went to go check in at the Galaxy Motel in the east New York section of Brooklyn. I didn't know what was going on. While at the Galaxy Motel with my infant I received another phone call from my mother stating that two caseworkers from Mercy First foster care agency (Deidra Abrams A.K.A. Deidra Reynolds) and Chrisann Josiah showed up at her

door banging on the door (Chrisann Josiah) telling her to open up. She asked them why they were there and they said to remove I. Davis. My mother was puzzled because she was in court for guardianship of I. Davis earlier that day and the judge was willing to grant her custody but adjourned the court date. My mother also didn't understand why she wasn't given the required 10 day notice in advance of the removal and why they waited until after court to remove her without a removal order from the judge. The caseworkers response was "Were allowed to do that". I. Davis had been with my mother for almost a year. Chrisann Josiah had threatened my wife on many occasions to "throw" I. Davis into non-kinship foster care according to the voicemails and voice recordings I've heard. I called Rikers Island to see if my wife was there and it was confirmed that she was, With no charges and no bail. I spoke to correction officer john doe over the phone and he stated that she was in there with no charges she was in there under the orders of a civil judge.(Ilana Gruebel) I was very curious as to why my wife was incarcerated. She had never been incarcerated before in her life.

Aug.5th 2012 I received a call from my brother stating that ACS caseworker Vick Zapata was at his girlfriend's home in Westbury, Long Island "looking for a crying baby" "I said are you sure? How did they get your girls address?" Vick Zapata told him over the phone that "I used his address in court"(Even though I have never been to family court and wasn't even there when A.M. Davis was injured in the scald accident) He told me that Mr. Zapata told him that they checked the phone records and knew that he had spoken to me the night before. He told them he didn't know where I was at as I am a resident of Virginia. My brother texted me Vick Zapata's phone number, when I spoke to him he said they want to see my daughter A.S. Davis, I told him she was born in VA and she is in my care and custody and that Chini Baldwin saw my daughter in perfect health. It was obvious the two caseworkers had made a false report. There was no child being abused but they lied and said there was. On Aug 10th at 7am at the galaxy hotel about 20 undercover officers entered my hotel room. They all had their guns drawn just to see me in the bathroom cleaning out my daughter's bottles and preparing her formula as my precious little angel A.S. Davis lay sound asleep. The officers along with Chini Baldwin and caseworker Jane Doe, (Dark skinned wearing a lacefront wig 5'7 slim build) Chini Baldwin and Jane doe belligerently entered the room screaming "Where's the baby, where's the baby?" The officers were all visibly upset and said blatantly in front of the caseworkers "This is some b.s." The caseworker Chini Baldwin then pretended to cry as she picked up the baby (it was an Oscar worthy performance) as the officers were clearly annoyed. The caseworkers ran off with my newborn also stealing the stroller car seat baby bag diapers wipes clothing Enfamil and any other necessity I had purchased for my daughter.  Officer john doe (short about 5'9 stocky build Caucasian low hair cut) stated he had an arrest warrant for me and that they gps tracked my cell phone with spyware and according to Chini Baldwin the child was being abused (although they all saw her in perfect health)  Officer john doe#2 (Hispanic 6'1 185lb dark hair with a moustache and blue baseball cap) stated clearly disgusted "the judge (Ilana Gruebel) begged us to track you down, we only handle criminal cases we don't do this, this was a favor for the courts!" He also told me "the judge just wants to see the baby." I explained that caseworker Chini Baldwin already saw the baby in good health and that this was a conspiracy and set up by New York City administration for Children's services Ronald Richter and Mercy First to steal my nonresident baby who like her sister A.M. Davis were born in Virginia. I told officer John Doe#2 that they were going to keep my little baby his response was "why?" I said "because I'm a nigger! This is what they do to us". He disagreed saying "they

are just going to let you leave with your child and let you go back to your home state with her, just tell the judge you were in a hotel and you want to go back home with your baby" I explained "it's not going to happen that way, the courts had to lie to you officers in order to aide in the kidnapping of my daughter on a visit to New York, shortly after I entered the court room. The warrant was vacated I stated for the record that I was Native American and so are my children. I am currently trying to find my tribe so I can get my enrollment card and registration on the Dawes Rolls. I explained that I had never been served and questioned why they had me down as a respondent when I never was in court, never served, and wasn't even present when the allegation of abuse occurred? Ilana Gruebel ignored me and adjourned my court date. She stated that "your wife will be released now that we got the baby", she laughed and said "she doesn't have to be here if she's too distraught not knowing what's going on or where she's at." (Being that they had just illegally imprisoned her to illegally kidnap our newborn) The judge spitefully left her in jail over the weekend even though she stated for the record and signed off on her release for that day Aug 10th. She was released Aug 13th. I told the judge my wife had no clue where I was at with the baby. She was in jail. How could she know, I never told her where I was at? After that I started to put together my lawsuit and contacted Senator Eric Adams office. The first thing his liaison Faye Brown stated was "Why didn't they do an ICPC and transfer this case to Virginia!?" Since this incident has occurred I have filed for custody of all 5 of my children, I haven't seen any of them since.

I've shown up to visits at Mercy first foster care just to be let down, not knowing if my children are dead or alive. My wife and I had a conference with Mercy First Foster care workers Program Director Malikah Foreman, Supervisor Dana Dunn, Noella young and mandated "false" reporter Deidra Abrams a.k.a Deidra Reynolds who was sued in 2011 (see Allen v. Mattingly et al, E.D.N.Y alongside Vice President of Mercy First Jeanna Cambria. Caseworker Deidra Abrams stated that she was mandated to report and plaintiffs stated "to report breastfeeding as abuse?" I spoke to Jeanna Cambria in Sept 2012 in regards to me not seeing my children 'even though visits were set up and she said she would have a staff meeting about my concerns. I told her I was suing and her response was I will deal with it when it comes. Deidra Abrams a.k.a Deidra Reynolds admitted she had made a false report at the conference with her supervisor Dana Dunn and the Program director Malikah Foreman present. She had stated to the courts that she witnessed my wife living at my mother's address(although they send mail to Virginia for my wife) She had to write libelous statements of fact for the kidnapping removal order for A.S. Davis in order for NYC to maintain the fraudulent emergency jurisdiction. Ronald Richter does not investigate the allegations he signs off on libelous orders that allow innocent nonresident families to be sabotaged. The removal of I. Davis is also an illegal removal. As of today checks are still being sent to my mother's house so that Mercy First can pretend I. Davis is still in kinship, for funding from the federal government title IV-E funding and CAPTA funds at the expense of children who are not residents of N.Y. State.

Statement of facts

Plaintiff 2

Lack of personal jurisdiction of NY in a void case from 2011 where I had been lured into court. I was in NY visiting my daughter I. Davis (illegally in NY custody) at my mother in law W.B. Davis. July 31st 2012 around 5 pm Mercy First Foster care agency worker Deidra Abrams arrived unexpectedly at my mother in laws 487 Carlton Ave Brooklyn NY with an expired ex parte order that stated my husband was not supposed to interfere with the custody of our children.   The ex parte order issued Dec 5th expired Dec 20th 2011.   I never met Deidra Abrams before that day. I did not introduce myself. Deidra Abrams observed me breastfeeding my 2 month old A.S. Davis. Aug 1st Administration for Children's Services Paul Melbourne arrived at my mother in laws apartment requested to enter the residence to investigate a report of neglect /abuse.   My mother in law did not let him in the apartment, she stated to him

Through the door that there was no abuse and that they had no warrant to enter.   Paul Melbourne brought the police. The police opened my mother in laws door, 4th amendment illegal search. The 2 officers John Doe one husky and Latino and the other slim Asian, along with Paul Melbourne and ACS Caseworker Chini Baldwin observed me with my daughter and Chini Baldwin said she only wanted to see my daughter viewed her and said she was just beautiful. I told her that she doesn't have jurisdiction as this child along with my other children illegally in NY custody is not a resident of NY was born in Virginia and is clearly not being abused as breast feeding is not abuse. I stated that she knew I was not a resident and that she knew that from the 2011 when she lured me into king's county court which is aware of the lack of personal jurisdiction. Aug 3rd there was a court date based on the void lack of personal jurisdiction order that removed my other 4 children who are outside NY personal and long arm jurisdiction. Judge Ilana Gruebel asked about my newborn.  I told Judge Gruebel that she lacks jurisdiction over my family including my non NY resident newborn daughter born in Virginia, based on nonresident non domiciliary no minimum contacts and the void case lacking jurisdiction was based on an accident which family court has no jurisdiction over accidents. Judge Ilana Gruebel threw me in jail with no charges and no bail after I challenged her jurisdiction once again when she attempted successfully to remove a 5th child in excess / lack of personal and long arm jurisdiction based on long arm jurisdiction laws.   I have never been to jail before I don't understand how a Judge could display such impropriety. When I explained that my daughter was with her father she still put me in jail with no charges and no bail illegal imprisonment abuse of process to illegally seize my newborn outside of NY jurisdiction.

My daughters are not residents of NY. My newborn was born over a year after illegal commencement of a fraudulent court proceeding. An accidentally incurred injury to another daughter that ACS and the court have knowledge of being an accident which would still not qualify as requisite for long arm jurisdiction. I was illegally imprisoned for 10 days in Rikers Island Rose. M.Singers in the Civil Block charged fees and was strip searched in violation of strip search law.  The judge Ilana Gruebel had put out an arrest warrant for my nonresident newborn. The order putting me into jail with no charges stated order of commitment. I was ordered to be transported daily from Rikers Island every day to produce my nonresident baby. I told the judge my daughter was safe with her father, my husband. I had to wake every morning to return to court for this void proceeding. Judge Gruebel stated she has all the jurisdiction and failed use discretion displaying

Impropriety, bias corruption, malicious prosecution, malicious court dates, abuse of process and intentional infliction of emotional distress. My cell was searched Aug 12th, after my daughter was illegally seized from my husband's custody on the 10th. I was released Aug 13th. The judge put the release order in after she illegally ordered my nonresident newborn illegally into the custody of ACS. The judge did not send the release order to Rikers Island. In addition ACS contacted Virginia to gather information about my newborn and lied to Virginia to illegally obtain information not allowed by privacy laws. NY lacks the personal jurisdiction to remove children in excess of jurisdiction personal and long arm jurisdiction. ACS caseworker Chini Baldwin Mercy First caseworker Deidra Abrams both made false reports to a government agency Penal Code 240.55 felony. By reporting breast feeding as abuse/ neglect and falsifying documents fraudulently putting me down in their records as living at my mother in laws NY address to usurp jurisdiction using knowingly false information. I was told by case worker Noella Young that they are willing to travel to Virginia to remove my newborn when I told her she did not have jurisdiction because states have sovereignty she laughed and said we'll see about that.   They used this false information to remove the daughter that was in kinmanship foster care with my mother in law for almost a year. Agency worker Chrisann Josiah told me prior to this that she would be happy to throw my daughter I. Davis into non kinmanship foster care where I would not be able to see or speak to her except thru her at the agency. My children are now in extremely restrictive foster care where I have never met the parents and have not seen them for over 4 months. The agency Mercy First knowing I am a resident of Virginia has kept me from my newborn and other children by setting up an

unreasonable schedule for me which includes calling 24hrs in advance of Wed to be able to see my children where they never pick up the phone to allow me to schedule and when I do show up the parents are not at the agency, there are no sibling visits with my other children and the agency does not accommodate my travel to NY. All done with knowledge of lack of personal Jurisdiction.

**NEWBORN SCREENING PROGRAM**
**New York State Department of Health**
**Wadsworth Center, Biggs Laboratory, P.O. Box 509**
**Albany, NY 12201-0509**
**Phone: (518)473-7552 Fax: (518) 474-0405**
**E-mail: nbsinfo@health.state.ny.us**
**Website: http://www.wadsworth.org/newborn/**

TASHA DAVIS
AKA:
7748 MIDLOTHIAN TURNPIKE
N CHESTERFIELD, VA 23235

Date: August 29, 2012
Accession No.: 20122371824
DAVIS
FEMALE Single

Dear Parent:

The Newborn Screening Program has test results to send to your baby's doctor and we would like to verify that we have the correct doctor on file. The name, address and telephone number that we received from the hospital where your baby was born is as follows:

Michele Elliott, MD,
Mercy First
6301 12th Avenue
Brooklyn, NY 11219

**If this information is incorrect, please call** (518) 473-7552 with the correct name, address and telephone number of the doctor currently caring for your baby, e-mail nbsinfo@health.state.ny.us or fill out the form below and mail it to:

Newborn Screening Program
Wadsworth Center
P.O. Box 509
Albany, NY 12201-0509

Sincerely

Michele Caggana, Sc.D., FACMG
Director, Newborn Screening Program

Accession No.: 20122371824

Child's Name: ______________________________

Phone Number where you can be reached: ______________________

Doctor's Name: ______________________________

Doctor's Street Address: ______________________________

City: ____________________ State: ________ Zip: ________

Doctor's phone number: ______________________________

**LEPA85**



Administration for Children's Services

**Ronald E. Richter**
Commissioner

**Dale P. Joseph**
Assistant Commissioner

**Mark Lewis**
Director
Office of Advocacy

**150 William Street**
**First Floor**
**New York, NY 10038**

**212 676 9421** helpline
**212 608 3053** fax

July 16, 2012

Ms. Tasha Davis
7748 Midlothian Turnpike
North Chesterfield, VA 23235

Dear Ms. Tasha Davis:

This letter is in reply to your inquiry received by the NYC Children's Services (ACS) regarding a Child Protective Service (CPS) investigation and the way in which the case was conducted.

Please be advised that Children's Services has the responsibility to investigate all allegations of child abuse and/or neglect accepted by the New York State Central Register (SCR). Please keep in mind that the source of any report made to the SCR is confidential and that individuals do have the option of making anonymous reports.

Your inquiry has been forwarded to the Brooklyn Division of Child Protection for review. Please follow-up with Mr. Thomas Dunbar, Director of Field Operations, at 718-348-8100 if you have further questions regarding the way in which your case was handled.

According to our records, your children were remanded to the care and custody of the Commissioner of Social Services by a Brooklyn Family Court Judge. Because of the nature of your child's injuries she requires intense medical care and hospitalization. ACS does not have any authority over the rules and regulations of the hospital and the hospital staff will inform ACS when your child is medically stable and able to leave the hospital and be moved to a less restrictive setting. As per the Court, once your child is deemed ready to leave the hospital and is placed in a specialized foster home, a conference will be held with all pertinent parties in order to schedule supervised visitation. This schedule will be based upon the availability of the parties and the medical needs of your daughter. The next court date is scheduled for August 3rd, 2012 in Part 8 of the Brooklyn Family Court at 9am. If you have any further concerns about your case and/or your visitation, you are encouraged to share them with your attorney so that they can be addressed in Court.

Your inquiry with the Office of Advocacy will be closed. If you have any further questions regarding your case, please contact the Mercy 1st Case Planner, Ms. Noella Young, at 718-232-1500.

Sincerely,

Stacey Russo, LMSW
Office of Advocacy

To Whom It May Concern at Mercy First Foster Care agency,

In regards to all my children in care at your agency, we the parents decline consent for all vaccinations and any other medical treatments that are non-emergency. As was stated before that my family has not been residents of New York City since 2010 and are residents of Virginia as well that the current proceeding in Kings County Family court is invalid as there is a lack of personal jurisdiction and I have previously and repeatedly requested my case to be transferred to Virginia. Virginia law states that vaccines are not mandatory and parents can decline non-emergency treatments. Also our children are on kosher all natural diets, where we monitored the unclean ingredients in the food and skin/hair products. Not under any circumstances should the children be consuming non-kosher items or meats such as pork, duck, shrimp/shellfish/crustaceans, scavengers, catfish, shark etc. nor have their foods cross contaminated with these non-kosher items. I have never given my consent for vaccines nor have I had my concerns about my children's diets addressed by your agency after repeated attempts with unsupervised caseworker Chrisann Josiah. We also request all medical records including medical appointments procedures done and vaccines given without consent. Virginia is where our family resided before this accident in 2011 occurred and continues to reside as the agency is well aware of this fact, we would like to know why this case hasn't been transferred to Virginia as it is extremely unaccommodating and a financial burden to travel to visit my children, as the agency is also well aware. Chrisann Josiah stated she did not care that I objected to vaccines and insisted on being rude and unaccommodating including telling me she would throw my daughter into regular foster care rather than kinship where I would not be able to see or hear from her except through her at the agency. This agency has been very unaccommodating and I am very disgusted with its performance, this has been detrimental to our children as result. We request a change of agencies as we have been lied on by Caseworker Deidra Abrams after visiting my mother in law seeing me breastfeeding my infant (I didn't know breast feeding was a abuse)and not being introduced to me prior to knowing who I am, made a false report to have my infant daughter that was born this year in Virginia removed, stating falsely that I lived at my mother in-law at 487 Carlton Ave (even though Deidra Abrams was well aware that I was living in Virginia) and removing my other daughter from kinship care with my mother in law without prior 10 day notice, without a court order and based on this false statement. As of today Deidra Abrams still sends me mail in Virginia which is going to be used as evidence in a federal suit that has already been filed by Plaintiff Tyreek Davis. As well we spoke to Senator Adams liaison, whose office wanted to know why New York has not done an ICPC to transfer this case to Virginia. Any questions in regard to this letter please contact us at (917) 459-5343.

Sworn and subscribed to me Tracy Douglas, notary public by [signature] on this 2 day of November 2012.

[signature]

X [signature]

TRACY WOODING DOUGLAS
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DEC. 31, 2015
COMMISSION # 7511946

Case # NA-21860/12

Dear Hon.

I am writing to inform you of the judicial misconduct in Kings County Family Court by Judge Ilana Grubel. I am not a resident of New York State. I am a resident of Virginia as are my children. Kings County Family Court does not have jurisdiction in cases where there are no emergency and where the children and parents are not residents of New York. On Aug 3rd my wife was illegally imprisoned after she went to court. My child Aniyah Davis born June 16th in Richmond VA was kidnapped from me on Aug 10th I was in a hotel in Brooklyn visiting NY. I was never served any summons to come to court. They never had my address and illegally attached my name to a petition. Ilana Grubel put out an arrest warrent on Aug 3rd and police N.Y.P.D came to my hotel and took my 2 month old child that is perfectly healthy. [I already have a federal suit in place in the Southern District (see 12 Civ 601) in regards to my daughter Aaliyah Davis, Admin. for Children Svc. dropped her off in a hospital in (Blythedale) Westchester County and restricted my visits, without me having appear in court.] N.Y.P.D Officer John Doe said the Judge Ilana Grubel begged for them to GPS track my cell phone. The officer told me they do not hunt people down in civil court. This was a favor for the judge (Ilana Grubel). Upon entering the room Officer John Doe said "this is some "B.S." because the child is not in danger like the caseworker stated. 20 officers witnessed my healthy baby. Caseworker Chini Baldwin (whom I'm suing in E.D.NY alongside Amanda E. White and former comm. John Mattingly) was with the officers and kidnapped my daughter

(12cv3841 E.D.N.Y.)

Form 111RB 2/04 Property Receipt/City of New York Department of Correction

Inmate DAVIS TASHA
Last First

**Property Receipt**

A No 978291 2012
year

Institution RMSC
Date 8-3-2012
☐ NYSID # 09999999U
☐ Book and Case # 1131201103
☐ Sentence # ____

CONTROL/CUFFLOCK# ____

WHERE WAS PROPERTY TAKEN:
☑ Admission ☐ Housing Area - Specify: ____ ☐ Other - Specify: ____
Was this property taken on a search: ☐ Yes / ☐ No

| I. Personal Items | | II. Clothing | | | III. Jewelry | | | | |
|---|---|---|---|---|---|---|---|---|---|
| No. | Articles | No. | Articles | Color | No. | Article | Description | | |
| | Radio | | Coat/Jacket | | | | Y | W | CS |
| ✓ | Personal papers | | Pants | | | Tooth Cap | | | |
| ✓ | Pocketbook | | Belts | | | Neck Chain | | | |
| | Gloves | | Shoes/Sneaker | | | Earring | | | |
| | Glasses | | Shirt/Blouse | | | Charm | | | |
| | Wig | | Skirt | | | Bracelet | | | |
| | Wallet | | Boots | | | Watch | | | |
| ✓ | Keys | | Hat | | | Ring | | | |

IV. Miscellaneous

Identification: ☐ Yes ☐ No

| | On Person | Same Name? Y | N |
|---|---|---|---|
| U.S. Passport | | | |
| Green Card | | | |
| Driver's License | | | |
| Other Government-issued photo ID | | | |
| Birth Certificate | | | |
| Social Security Card | | | |
| Other: | | | |

AS PT. Requests.

**PHS**

**RETURN TO CLINIC APPOINTMENT**

Last Name: DAVIS
First Name: Tasha
B&C#: 113 12 01103
Appt. Date: daily Time: AS NEEDED
Reason: Pump milk
☒ Nursing ☐ Medical ☐ Other
Signature: M. Witter Date: 8/3/12

The above item(s) has been received from you becaus[e]
☑ It is not on the list of items which are permitted in this facility
☐ The quantity is in excess of that allowed in this facility.
☐ It may create a health, safety or security hazard, and therefore, yo[u]
☐ You have submitted the item to us voluntarily for safekeeping.
☐ Other ____

Negron
Signature of person taking property

8208
Shield ID #

NEGRON
Print Name

[signature]
Signature of Inmate

8-3-2012
Date

1737
Time

**SEE APPEAL AND DISPOSAL PROVISIONS ON OTHER SIDE.**

Distribution:
**White** - Inmate Copy **Yellow** - Duplicate (TO BE SECURED WITH PROPERTY)
**Green** - Inmate Legal Folder **Blue** - Discharge Planning Center (UPON CITY SENTENCING)

GF5 8/2010

CS3/6
ET31953P
ET31952V
ET31953T
ET31954R
MF
12/5/11
CW

F.C.A §§ 430, 550, 655, 828, 1029

RECEIVED CHILD. SERV. 2011 DEC 20 A 9:45 BROOKLYN

ORI No: NY023023J
Order No: 2011-005734
NYSID No:

At a term of the Family Court of the State of New York, held in and for the County of Kings, at 330 Jay Street, Brooklyn, NY 11201, on December 05, 2011

PRESENT: Honorable Amanda E. White

| | |
|---|---|
| **In the Matter of an ABUSE Proceeding** | **File #** 181090 |
| **Natane Brown (DOB: 09/10/2004),** – D005 | **Docket#** NA-16858-11 |
| **Aaliyah Davis (DOB: 04/02/2011),** | NA-16859-11 |
| **Isis Davis (DOB: 05/31/2010),** – D005 | NA-16860-11 |
| **Semira Brown (DOB: 05/29/2006),** – D005 | NA-16861-11 |

**Child/ren under Eighteen Years of Age Alleged to be Abused By**

RECEIVED
JAN 03 2012
BY:

**Tasha Davis (DOB: 04/01/1980),**
**Tyreek Davis (DOB: 10/07/1983),**
**Respondent.**

**Temporary Order Of Protection**

**Ex Parte**

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

A petition under Article 10 of the Family Court Act, having been filed on June 13, 2011 in this Court and good cause having been shown, and Tyreek Davis having not been present in Court,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Tyreek Davis (DOB: 10/07/1983) observe the following conditions of behavior:

[99] Observe such other conditions as are necessary to further the purposes of protection: Tyreek Davis is not to interfere with the care and custody of Aaliyah Davis (DOB: 04/02/2011), Isis Davis (DOB: 05/31/2010), Natane Brown (DOB: 09/10/2004) and Semira Brown (DOB: 05/29/2006);

**It is further ordered** that this temporary order of protection shall remain in force until and including January 17, 2012; but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

**Dated:** December 05, 2011 **ENTER**

**Honorable Amanda E. White**

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires, the officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C. §§2265, 2266).

**It is a federal crime to:**

- cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
- buy, possess, or transfer a handgun, rifle, shotgun, or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
- buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Check Applicable Box(es):**

[ ] Party against whom order was issued was advised in Court of issuance and contents of Order
[ ] Order personally served in Court upon party against whom order was issued
[X] Service directed by Petitioner to Arrange
[ ] [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:________________________
[ ] Warrant issued for party against whom order was issued [specify date]:________________________
[ ] ADDITIONAL SERVICE INFORMATION [specify]:________________________

NA-16858/11
NA-16859/11
NA-16860/11
NA-16861/11

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DOCKET = NA-21860/12

In the Matter of a Proceeding Under
Article Of the Family Court Act

Petitioner,
Tyreek Davis

AFFIDAVIT IN SUPPORT OF THE MOTION TO DISMISS

V.

Respondent,

Elaine Mcknight, Christine Waer, Ivatchka Yameogo-Warner

Tyreek Davis, being duly sworn, deposes and says:

1. (He) (She) is the (Petitioner) (Respondent) in the above entitled proceeding,

2. This affidavit is made in support of the (Petitioner's) (Respondent's) motion herein:

Motion to dismiss due to lack of personal jurisdiction.

Motion to dismiss due to lack of service.

My family the Davis' and Brown children have not resided in New York since 2010. We are residents of Virginia and have been since 2010. The Child in question ***alleged*** to be abused Aaliyah Davis was born in Virginia in April 2011 and had only been visiting New York for 3 weeks from May 18th to June 9th prior to this accident, which occurred at my mother in laws apt at 680 Shepherd Ave. My name was added as a respondent even though I was not around when the accident occurred. The court knows for the record that I am not a respondent as I was never served nor made any court appearances subjecting myself to its jurisdiction nor do I submit to the jurisdiction. The warrant issued for Aniyah Davis another of my children that was born in Virginia brought me into this proceeding far beyond the time required by NY process service law after not being served over a year. Chini Baldwin (whom I have a current suit against in SDNY for violating my civil rights {see 12 cv.06422} and whom I'm pressing charges against for filing a false report under penal code 240.55)falsified information to a government agency and placed me as a respondent to prevent me from getting immediate custody of Aaliyah Davis. My other 4 Children were in **NO** imminent danger nor imminent risk of danger as they were removed from the Linden ACS office not from the ***Home*** as there was no home in New York. After family members were coerced by Chini Baldwin to bring them to the Linden office with the knowledge that they were not residents of New York State. Chini Baldwin stated she just wanted to see that the children were ok. This was a lie. The

caseworker Chini Baldwin also deemed that this incident was an accident, after she had my wife call my cell phone over 20 times to meet them at my mother in laws apt. to include me in this when she had never seen me around the children. The court knows for the record that it is not able to re litigate a case that has already been litigated and decided and sealed in Supreme Court which is a higher court and it was only a violation which is not a crime in the state of New York(). Dr. Michael Cooper pediatric burn specialist also deemed this allegation of Neglect /Abuse an accident, on Nov 8th 2012 in front of ACS supervisor Monica V. Baez, at the well over due 2nd opinion appointment at Staten Island University Hospital burn center. Which had been prevented by this court to violate the due process and equal protection clause in the 14th amendment of the constitution. Sen. Eric Adams office is investigating the corruption at the Linden office and in Kings County Family Court. Dr. Andrew Laudenbach whom I located outside of New York State and have also filed a suit against and pressing charges for making a false report. Quit his job at Methodist hospital as Emergency room specialist effective 6-23-11, two weeks after making this false report and after only starting his residency effective 1- 26-11 (five months) Dr. Andrew Laudenbach is not a burn specialist, and African Americans are more likely to be accused of abuse. Motion to Dismiss due to lack of personal jurisdiction as this is an accident. Motion to dismiss for lack of service/defective service as I was never served and never notified. {Abuse of Process, intentional infliction of emotion distress, unlawful imprisonment, malicious court dates and violation of the 4th and 14th amendments of the constitution of the United States under U.S.C 1983 unlawful search and seizure and violation of due process and equal protection of the law}

Wherefore, (Petitioner) (Respondent) hereby requests that the Court grant the relief requested herein.

PETITIONER / RESPONDENT

Sworn to before me

this 19th day of December 2012

Nancy Spence Spangenthal

NOTARY PUBLIC

NANCY SPENCE SPANGENTHAL
Notary Public
Commonwealth of Virginia
7286378
My Commission Expires Jun 30, 2013

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v. Lavine, 415 U. S. 533.

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court" OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

"There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.

"The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215.

"The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

"The fact that the petitioner was released on a promise to appear before a magistrate for an arraignment, that fact is circumstance to be considered in determining whether in first instance there was a probable cause for the arrest." Monroe v. Papa, DC, Ill. 1963, 221 F Supp 685.

Read US v. Lopez and Hagans v. Levine both void because of lack of jurisdiction. In Lopez the circuit court called it right, and in Hagans it had to go to the Supreme court before it was called right, in both cases, void.

If it [jurisdiction] doesn't exist, it can not justify conviction or judgment. ...without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/ USA 's cause. Broom v. Douglas, 75 Ala 268, 57 So 860 the same being jurisdictional facts FATAL to the government's cause (e.g. see In re FNB, 152 F 64).

RULE 60. RELIEF FROM JUDGMENT OR ORDER

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not

limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., Sec. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill or review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

A motion to set aside a judgment as void for lack of jurisdiction is not subject to the time limitations of Rule 60(b). See Garcia v. Garcia, 712 P.2d 288 (Utah 1986).

A judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process. United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)

Where Rule 60(b)(4) is properly invoked on the basis that the underlying judgment is void, "'relief is not a discretionary matter; it is mandatory.'" Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994) (quoting V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 n.8 (10th Cir. 1979)).

In order for a judgment to be void, there must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. Puphal v. Puphal, 105 Idaho 302, 306, 669 P.2d 191, 195 (1983); Dragotoiu, 133 Idaho at 647, 991 P.2d at 379.

A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties. Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

"Jurisdiction, once challenged, cannot be assumed and must be decided." Maine v Thiboutot 100 S. Ct. 250.

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533.

Though not specifically alleged, defendant's challenge to subject matter jurisdiction implicitly raised claim that default judgment against him was void and relief should be granted under Rule 60(b)(4). Honneus v. Donovan, 93 F.R.D. 433, 436-37 (1982), aff'd, 691 F.2d 1 (1st Cir. 1982).

"A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." 261 Kan. at 862.

"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

A judgment obtained without jurisdiction over the defendant is void. Overby v. Overby, 457 S.W.2d 851 (Tenn. 1970).

Although Rule 60(b)(4) is ostensibly subject to the "reasonable" time limit of Rule 60(b), at least one court has held that no time limit applies to a motion under the Rule 60(b)(4) because a void judgment can never acquire validity through laches. See Crosby v. Bradstreet Co., 312 F.2d 483 (2nd Cir.) cert. denied, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963) where the court vacated a judgment as void 30 years after entry. See also Marquette Corp. v. Priester, 234 F.Supp. 799 (E.D.S.C.1964) where the court expressly held that clause Rule 60(b)(4) carries no real time limit.

X [signature]

State / District of Virginia
City / County of Richmond
The foregoing instrument was acknowledged before me this 19th day of December, 2012 by Tyreek Davis
[signature] Nancy Spence Spangenthal
Notary Public

My commission expires: June 30, 2013

NANCY SPENCE SPANGENTHAL
Notary Public
Commonwealth of Virginia
7286378
My Commission Expires Jun 30, 2013

To the Judicial Board,

My name is Tyreek Davis and I am a resident of Virginia. This complaint is in regards to Judge Amanda E. White of Kings County Family Court (who is now at 360 Adams St Supreme civil court) and Judge Ilana Gruebel of Kings County Family Court. They are two judges in a neglect / abuse case docket # 16858-61/11 and 21860/12 this is a request that both judges be recused and impeached because of their bias and corrupt patterns of practice, and blatant abuse of process. A case was opened against my wife June.13th. My daughter was injured in a scald accident on June 9th 2011. I wasn't around and my name was illegally added to a petition in Family Court to prevent me from getting my children usurped by this void proceeding into illegal NY foster care. I never been to court there is a lack of personal jurisdiction as I do not live in NY, nor was I served with summons nor made any appearances nor consented to this court's jurisdiction. My first court appearance was Aug 10th 2012 over a year after the case was opened. (Exhibit A) Enclosed is a copy of a request made Aug 2012 to Paula Hepner the Chief Administrative Judge at Kings County Family Court. I requested that she recuse both judges. Amanda E. White who never had me in court placed numerous ex parte orders against me. I filed a Federal Suit enclosed is a copy of the complaint (see exhibit B) against Amanda E. White and she immediately transferred to Supreme Court in Brooklyn. My daughter was injured in a scald accident and this case lacks subject matter jurisdiction because a Burn Specialist at Staten Island University Hospital deemed this an accident. Amanda E. White stated to my wife that the court was not disputing that it was an accident but continued on with the abuse of process to keep this void proceeding going. I filed a lawsuit in Sept 2011 of behalf of my daughter, against the building manager and landlord who are slumlords. This accident occurred at my mother-in-laws apartment while my wife visited NY. My daughter was born in Virginia. My daughter sat isolated in a hospital 14 months because ACS and these bias judges were trying to validate this void proceeding. I was not present when this accident occurred but fraudulently added to this petition to illegally keep my children in NY foster care. Enclosed is a copy of the Motion to Dismiss (exhibit C) that Judge Ilana Gruebel chooses to ignore and has ordered the petition office to block me from putting into court records. Michael D. Ambrosio was the judge in place prior to Gruebel, my wife requested his recusal and he did. I found out about me being an interested party because my wife gave birth again in Virginia in June 2012. We came to visit NY Aug 2012 and N.Y.P.D entered my hotel room with a warrant for my youngest child born a year after this proceeding and once again Ilana Gruebel acted ultra vires "beyond her powers". The police were very upset that the child wasn't abused or injured as the case worker had lied and told the police. The officers said this was a favor for the judge Gruebel (exhibit D) because she wanted my baby. Judge Gruebel saw my healthy 2 month old Virginia born baby and without me ever being in court Judge Gruebel acting ultra vires put my child in illegal foster care. I made an oral motion to dismiss due to lack of personal jurisdiction, lack of service and lack of subject matter jurisdiction. I have my parental rights and have not seen my children since Aug 10th 2012. I don't know if my children are dead or alive. I was awarded sole legal and physical custody of my

Exhibit E * children Dec 2012 in Virginia. I brought the custody order to Kings County Family Court and they refuse to adhere to the Virginia custody order. I contacted the Federal Bureau of Investigation at 26 Federal Plaza in New York and was told that NY would have to produce my children and adhere to my Virginia Custody order. NY State illegally has my children in NY state custody. My wife challenged Judge Gruebel jurisdiction being that our family are not residents and this case does not meet criteria for long arm

jurisdiction and my wife was thrown into jail for 10 days for challenging jurisdiction from Aug 3rd to Aug 13th 2012 in Rikers Island with no charges and no bail. My wife has never been incarcerated prior to this. Judge Gruebel ignores discretion and failed to hold a hearing to prove NY has jurisdiction. My mother filed for custody of all the children since June 2011 when this accident first occurred and the court dates for custody have been adjourned since June 2011 it is now 2013. Judge Gruebel is acting ultra vires displaying a lack of judicial discretion, violating due process and is not acting in the best interest of the children doing the exact opposite of the best interest by keeping them separated with strangers in

NY foster care, with the knowledge that the proceeding is void, displaying racist biased and corrupt behavior. Acting opposite what her position as judge is by trying to keep this void proceeding going. There is no judicial discretion as she stricken the record to withhold exculpatory evidence from the court records. Ilana Gruebel was formerly a referee in Family Court and abuses her authority. There is a lot of fraud and corruption going on in Kings County Family Court and Supreme Civil Court in Brooklyn. Enclosed is a medical bill for the baby illegally removed in 2012 (exhibit F) being sent to my mother's address to pretend that NY State and the Judge has jurisdiction. Their billing me at an address that I never lived at for my daughter illegally in their care. Wherefore it is respectfully requested that the Judicial Board investigate and grant the relief requested in this complaint.

Tyreek Davis

Feel free to contact me at (917)-459-5343

(347) 441-9439

X [signature] Tyreek Davis

File # 181090

Docket# NA-16858/11, NA-16859/11, NA-16860/11, NA- 16861/11, NA-21860/12

Judges: Amanda E. White, (recused) Michael A. Ambrosio, Ilana Gruebel

Attorneys: Ivatchka Yameogo-Warner (law guardian) Christine Waer (ACS lawyer) Elaine D. McKnight (lawyer ordered by Michael A. Ambrosio to serve as ineffective counsel for my wife) Judicial Notice that I have no attorney as I never was in court to be a part to these proceedings I am acting Pro Se to have this case dismissed as there are several due process violations that have occurred to lure my wife and now me into this void proceeding.

**VIRGINIA**
**IN THE JUVENILE AND DOMESTIC RELATIONS DISTRICT COURT**
**OF CHESTERFIELD COUNTY**

**CONSENT ORDER**
**PURSUANT TO MEMORANDUM OF AGREEMENT**

In re:

| | Name of Children | Soc. Sec. No. | Date of Birth | Case # |
|---|---|---|---|---|
| 1 | Natane Brown | ***-**-3457 | 09/10/04 | |
| 2 | Semira L. Brown | ***-**-9249 | 05/29/06 | |
| 3 | Aaliyah M. Davis | ***-**-2269 | 04/02/11 | |
| 4 | Isis A. Davis | ***-**-9267 | 05/31/10 | |
| 5 | Aniyah S. Davis | ***-**-4860 | 06/16/12 | |

Mediation Date: 11/26/12 Court Date: 03/20/13 Judge: LSB

**Mother:**

Respondent: Tasha O. Davis

Address: 7748 Midlothian Tnpk, Trailer
N. Chesterfield, VA

Phone #: 917-459-5343

DOB: 04/01/80

S.S. #: ***-**-

Driver's License #:
(if different from SS #)

**Father:**

Petitioner: Tyreek D. Davis

Address:
Richmond, VA

Phone #:

DOB: 10/08/83

S.S. #: ***-**-

Driver's License #:
(if different from SS #)

---

The above named child has been brought before this court upon the filing of a written petition on custody and visitation.

We, the undersigned parties, hereby agree that our settlement, outlined in the "Terms and Conditions" below, is an accurate reflection of our resolution.

We agree that the terms and conditions set forth here are the result of substantial full disclosure of all relevant property and financial information.

*We understand that we have the opportunity to have this "Memorandum of Agreement" reviewed by independent legal counsel before signing it and have either had this agreement so reviewed before signing it or have chosen to waive our opportunity to do so.*

*This agreement is recorded in the words of the parties by mediator(s) acting as scrivener(s) only.*

***Once signed by all parties this mediated Agreement will be submitted to the court.***

## TERMS AND CONDITIONS

**CUSTODY:**
Tasha Davis (Mother) and Tyreek Davis (Father) agree that Tyreek shall have sole legal and sole physical custody of their children, Aaliyah, Isis, and Aniyah Davis.

Tasha and Tyreek further agree that Tyreek shall have sole legal and sole physical custody of Natane and Semira Brown, biological children of Tasha's and step children to Tyreek. Whereabouts of the biological Father (Sem Brown) are unknown and the children have resided with Tyreek Davis for the last 4 years.

**VISITATION:**
Tasha and Tyreek agree that Tasha shall have liberal and reasonable visitation with the children, with specific dates and times to be arranged by mutual agreement.

***Both parties acknowledge that in accordance with VA Code 20-124.6, neither parent, regardless of whether such parent has custody, shall be denied access to academic, medical, hospital or other health records of that parent's minor child, unless otherwise provided in this order.***

***Each party agrees that should they intend to move to another location, they shall give thirty days advance written notice of such change of address to the Court and to the other party. The notice shall contain the child's full name, the party's new telephone number, new street address and, if different, the party's new mailing address. The notice shall be mailed by first-class or delivered to the court and to the other party.***

[signature] Petitioner — 11-26-12 Date

[signature] Respondent — 11-26-12 Date

**WITNESS:**

[signature] Mediator — 11-26-12 Date

Mediator — Date

Without a hearing on the merits and based upon the mediated and executed agreement of the parties herein, the Court accepts the terms of the agreement as set forth above and enters the same as an ORDER of this Court.

IT IS SO ORDERED.

ENTER: DEC 10 2012

[signature] JUDGE

Copy to pet/resp via
☑ Mail ☐ Fax ☐ Hand Delivered ☐ Other
Date: 12-10-12 Initials: [initials]