UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TYREEK DAVIS; TASHA LICORISH-DAVIS, on
behalf of N. BROWN, S. BROWN, I. DAVIS, A.M. DAVIS,
and A.S. DAVIS,

                     Plaintiffs,

            -against-

DEIRDRE ABRAMS; NOELLA YOUNG
DANA DUNN, SUPERVISOR; MALIKAH FOREMAN
CHRISANN JOSIAH; RHONDA JOHNSON;
REBECCA MARBOMB; JEANNA GINA CAMBRIA;
JERRY JARROD MCCAFFREY, C.E.O.; MERCY
FIRST FOSTER CARE AGENCY; CHINI BALDWIN;
TAMIKA MANIFOLD; THOMAS DUNBAR; PAUL
MELBORNE; MONICA V. BAEZ; CAMILLE TITUS;
VICTOR VIC ZAPATA; KEISHA BAXTER; LINDEN
ACS OFFICE; MARK LEWIS; RONALD RICHTER;
JOHN MATTINGLY; NEW YORK CITY
ADMINISTRATION FOR CHILDREN SERVICES
NYPD; OFFICER PEREZ; OFFICER JOHN DOE;
75TH PRECINCT NYPD; OFFICERS JOHN DOES 1-20;
ILONA GRUEBEL, in equity, not for monetary, individually
and in her official capacity; AMANDA E. WHITE, in equity,
not for monetary; CITY OF NEW YORK; CHRISTINE WAER,
Attorney for ACS; IRATCHKA YAMEAGO-WARNER,
Law Guardian; ELAINE D. MCKNIGHT, 18B Lawyer,

                     Defendants.

------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 3 2013 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
13-cv-1405 (ARR)

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

ROSS, United States District Judge:

      Plaintiffs Tyreek Davis ("Tyreek") and Tasha Licorish-Davis ("Tasha") (together, "plaintiffs"), appearing *pro se*, filed the instant complaint pursuant to 42 U.S.C. §1983 on behalf of themselves and their minor children. The Court grants plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

1

## I. Background

Plaintiffs bring this action in connection with child abuse/neglect proceedings that were instituted against them in the Kings County Family Court. The Family Court proceedings stemmed from an incident in which one of plaintiffs' children was scalded in a bathtub. Dkt. #1, at 12-14. Pursuant to those proceedings, it appears, plaintiffs' five minor children were removed from their custody and placed in foster care. Id. at 14-15. Although plaintiffs are residents of Virginia, id. at 13, 16, the events complained of took place in New York.

The complaint alleges that the investigation and court proceedings against them arose from knowingly false reports of child abuse/neglect made by case workers from the New York City Administration of Children's Services ("ACS") and Mercy First Foster Care Agency ("Mercy First"). According to plaintiffs, officers from the New York City Police Department ("NYPD"), accompanied by ACS and Mercy First case workers, entered the apartment of Tyreek's mother and seized one of plaintiffs' children. NYPD officers and caseworkers also entered a motel in which Tyreek was staying and seized another of plaintiffs' children. Id. at 12-13, 15. In addition, both plaintiffs were arrested, and Tasha was held at Rikers Island for ten days. Id. Plaintiffs seek injunctive and declaratory relief, as well as damages for pain and suffering. Id. at 4.

The complaint names thirty-four defendants, including: the City of New York ("City"); the New York Police Department ("NYPD"), the 75th Precinct of the NYPD, and NYPD officers; ACS, ACS caseworkers, ACS supervisory staff, and an attorney for ACS; Mercy First, Mercy First caseworkers, and Mercy First supervisory staff; an "18B lawyer"; the law guardian who presumably represented plaintiffs' children in the Family Court proceedings; and the two judges who presided over the Family Court proceedings. Id. at 5-11.

2

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## III. Discussion

It is extremely difficult to discern plaintiffs' claims from the complaint and attached documents. Construing the pleading liberally, however, it appears that plaintiffs seek to assert possible causes of action under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. At the same time, it is clear that plaintiffs' minor children, as well as a number of the defendants, must be dismissed from the lawsuit.

## A. Plaintiffs' Minor Children

To the extent plaintiffs seek to bring this action on behalf of their children without representation by counsel, they may not do so. See Armatas v. Maroulleti, No 10-4755-cv, 2012 WL 1939934, at *1 (2d Cir. May 30, 2012); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130 (2d Cir. 2009); see, e.g., Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); Ellis v. McDonalds Corp., No. 05 CV 3961, 2005 WL 2155547, at *1 (E.D.N.Y. Sept. 7, 2005). Accordingly, N. Brown, S. Brown, I. Davis, A.M. Davis, and A.S. Davis, the minor children of Tyreek and Tasha, are dismissed without prejudice from the action.

## B. Institutional Defendants

In addition, plaintiffs name the following institutional defendants: the NYPD, the 75th Precinct of the NYPD, the Linden ACS Office, Mercy First, and the City of New York.

It is well-established that agencies of the City of New York cannot be sued independently under § 1983. See, e.g., Araujo v. City of N.Y., No. 08 CV 3715 (KAM)(JMA), 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010); Wray v. City of New York, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Accordingly, plaintiffs' claims against the NYPD, the 75th Precinct of the NYPD, and the Linden ACS Office are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiffs claims against Mercy First are also dismissed, albeit for a different reason. Mercy First is a "private, not-for-profit child care agency." Allen v. Mattingly, No. 10 CV

4

0667(SJF)(ARL), 2011 WL 1261103, at *16 (E.D.N.Y. Mar. 29, 2011). Because plaintiffs complain of acts involving Mercy First's actions towards their children, who were placed with the agency by the City, Mercy Care is a "state actor" for the purposes of § 1983. See id. at *16. Nevertheless, because liability under § 1983 cannot be based on respondeat superior, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), and because plaintiffs have not alleged that Mercy First maintains an unconstitutional policy or custom, see id. at 694-95, the complaint fails to state a viable claim under § 1983 against Mercy First. See Allen, 2011 WL 1261103, at *16 n.20.

As a result, the only institutional defendant against which plaintiffs' claims can proceed is the City. The court notes that the City remains as a defendant solely because plaintiffs have raised claims against City agencies, and not because the complaint asserts an independent Monell claim.

## C. Judges of the Kings County Family Court

Plaintiff's claims against Judges Amanda E. White and Ilana Gruebel must also be dismissed. "It is . . . well-settled that the absolute immunity accorded to judges [not only] bars any claim for damages, but also bars claims for injunctive relief . . . absent an allegation of a violation of a prior declaratory decree." Phelan v. Sullivan, No. 5:10–CV–724 (DNH/ATB), 2010 WL 2948217, at *5 (N.D.N.Y. July 7, 2010) (citing Montrero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999)). Because plaintiffs have made no allegations that satisfy the declaratory decree exception, their claims against Judges White and Gruebel must be dismissed.

## D. Defendants against Whom There Are No Allegations of Personal Involvement

Finally, to bring a claim pursuant to § 1983, a plaintiff must also show that each of the named individuals is personally liable for an alleged harm. See Eagleston v. Guido, 41 F.3d 865,

5

872 (2d Cir. 1994). The complaint fails to set forth sufficient factual allegations that the following individuals were personally involved in the purported violations of plaintiffs' rights: Rhonda Johnson, Rebecca Marcomb, Jerry (Jarrod) McCaffrey, Monica V. Baez,[1] Camille Titus, Keisha Baxter, Mark Lewis, John Mattingly, Christine Waer, Ivatchka Yameago-Warner, and Elaine D. McKnight. Accordingly, plaintiffs' claims against these defendants must be dismissed for failure to state a claim.

## Conclusion

Based on the foregoing, plaintiffs' five children are dismissed from this case. The following defendants are also dismissed: the NYPD, the 75th Precinct of the NYPD, the Linden ACS Office, Mercy First, Amanda E. White, Ilana Gruebel, Rhonda Johnson, Rebecca Marcomb, Jerry (Jarrod) McCaffrey, Monica V. Baez, Camille Titus, Keisha Baxter, Mark Lewis, John Mattingly, Christine Waer, Ivatchka Yameago-Warner, and Elaine D. McKnight.

Plaintiff's complaint may proceed against the remaining defendants: Deidre Abrams, Noella Young, Dana Dunn, Malikah Foreman, Chrisann Josiah, Jeanna Cambria, Chini Baldwin, Tamika Manifold, Thomas Dunbar, Paul Melbourne, Victor (Vic) Zapata, Ronald Richter, Officer Perez, and the John Doe Officers.

The United States Marshals Service is directed to serve the summons and complaint upon each of the remaining named defendants without prepayment of fees. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court

---

[1] With respect to Baez, the complaint states only that "Dr. Michael Cooper pediatric burn specialist also deemed this allegation of Neglect/Abuse an accident, on Nov 8th 2012 in front of ACS supervisor Monica V. Baez." Dkt. #1, at 25.

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                                /S/ Judge Allyne R. Ross
                                                ALLYNE R. ROSS
                                                United States District Judge

Dated: May 13, 2013
       Brooklyn, New York

Service List

*Pro Se Plaintiffs*

Tyreek Davis
P.O. Box 584
Richmond, VA 23218

Tasha Licorish-Davis
P.O. Box 584
Richmond, VA 23218